UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

WENDY FLETCHER & JAMES HUGHES

                        Plaintiffs,

    -against-                                                      8:22-CV-00314 (LEK/DJS)

VILLAGE OF LAKE PLACID, *et al.*,

                        Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiffs Wendy Fletcher and James Hughes commenced this action on April 1, 2022, against Defendants Janet Bliss, Art Devlin, Anita Estling, Brad Hathaway, Peter Holderied, Jason Leon, Craig Randall, the Village of Lake Placid (collectively, the "Village Defendants"); Jodi Burke, Shawn Burke, Burke Excavation Demolition, Inc., ABN, Jeda Environmental, Massena, New York (collectively, the "Burke Defendants"); Northwood School, Lake Placid, New York, Michael Maher, Thomas Broderick (collectively, the "Northwood Defendants"); James Brooks ("Brooks"); Matthew Bette, Bette & Cring Construction Group, LLC, Patrick Gebbie, John Doe, and Dick White (collectively, the "Bette & Cring Defendants"). Dkt. No. 1 ("Complaint"). Except for the Bette & Cring Defendants, all of the Defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. Nos. 25, 27, 34, 36. The Bette & Cring Defendants have filed a motion for judgment on the pleadings pursuant to Rule 12(c). Dkt. No. 38.

Now before the Court is Plaintiffs' cross-motion for leave to file an amended complaint "and/or" cross-motion to strike. Dkt. No. 43 ("Motion").[1] All Defendants oppose the Motion. Dkt. Nos. 51 ("Northwood Opposition"), 53 ("Brooks Opposition"), 55 ("Bette and Cring Opposition"), 56 ("Village Opposition"), and 58 ("Burke Opposition"). For the reasons that follow, Plaintiffs' Motion is granted to the extent it seeks to amend, but denied as moot to the extent it seeks to strike. Likewise, Defendants' pending motions are denied as moot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 144 (2d Cir. 2020) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of an amendment, etc.— the leave sought should as the rules require be 'freely given.'

Foman, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)).

## III. DISCUSSION

All Defendants assert that Plaintiffs should not be permitted to file an Amended Complaint. See Dkt. Nos. 51, 53, 55–56, 58. The Court will now address Defendants' arguments.

### A. Lack of Standing by Plaintiff(s)

Brooks and the Burke Defendants argue that Plaintiffs lack standing to bring a claim arising under Title III of the ADA. Brooks Opp'n at 7; Burke Opp'n at 10–12. Similarly, the

---

[1] Plaintiffs have cross-moved to file an amended complaint in Dkt. Nos. 44–47, as well, raising the same arguments as those in the Motion.

Village Defendants contend that Plaintiff James Hughes lacks standing to pursue his claims because he does not own the property at issue in this action. Village Opp'n at 2–4.

Defendants' arguments are comparable to the arguments recently made before this Court in Phoenix of Albany, LLC, v. Cnty. of Albany, No. 22-CV-577, 2023 WL 1861530 (N.D.N.Y. Feb. 9, 2023) (Kahn, J.). There, the plaintiff filed a proposed amended complaint that the defendants objected to on subject matter jurisdiction grounds. This Court, however, determined that the potential absence of subject matter jurisdiction in the original complaint did not proscribe the plaintiff from filing an amended complaint. This Court relied on the Second Circuit's decision in Oliver Sch., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991), and the Western District of New York's decision in Montgomery v. Cuomo, 291 F. Supp. 3d 303, 351 (W.D.N.Y. 2018). This Court stated:

> [I]n Montgomery v. Cuomo, the district court conceded it lacked subject matter jurisdiction over a set of claims originally filed by the plaintiffs, but nevertheless stated, "although the Court lacks subject matter jurisdiction . . . it may nevertheless allow an opportunity to file an amended complaint." 291 F. Supp. 3d 303, 351 (W.D.N.Y. 2018) (citing Oliver Sch., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991)). The Montgomery court relied on the Second Circuit's decision in Foley. In Foley, the Second Circuit permitted the plaintiff to file an amended complaint against governmental officials, even though the plaintiff's prospects of overcoming the government's Eleventh Amendment immunity defenses "were doubtful." Foley, 930 F.2d at 252. The Second Circuit nevertheless concluded: "[The] principle that permission to amend to state a claim should be freely granted is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction." Id. (internal citation omitted).
>
> [E]ven assuming *arguendo* that subject matter jurisdiction is absent, the Court will follow the reasoning of Foley and Montgomery and will not deny leave to file an amended pleading on the basis of subject matter jurisdiction.

3

Phoenix, 2023 WL 1861530, at *2. Like the defendants in Phoenix, Defendants contend that—pursuant to Rule 12(b)(1)—the Court should deny leave to amend based on an absence of subject matter jurisdiction in the original complaint. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (observing that a challenge to standing is a motion brought under Rule 12(b)(1)). However, contrary to Defendants' assertions, challenges to subject matter jurisdiction do not prohibit the Court from granting leave to file an amended complaint. See Foley, 930 F.2d at 252. Consequently, the Court will follow the reasoning of Phoenix, Foley, and Montgomery, "and will not deny leave to file an amended pleading on the basis of subject matter jurisdiction." Phoenix, 2023 WL 1861530, at *2.

    B.  **Futility of Proposed Amended Complaint**

All Defendants maintain that Plaintiffs' proposed amendments are futile and cannot withstand a Rule 12(b)(6) motion. See Northwood et. al., Opp'n at 5, 7, 13, 20; Brooks Opp'n at 1; Bette and Cring Opp'n at 3; Village Opp'n at 2; Burke Opp'n at 4–9.

The Northwood Defendants argue that Plaintiffs has failed to state claim for any of the constitutional violations they have alleged. Northwood et. al., Opp'n at 5, 7, 13, 20. Brooks contends that Plaintiffs' conspiracy and American with Disabilities Act ("ADA") claims cannot proceed either. Brooks Opp'n at 1–8. Bette and Cring similarly posit that the ADA and the constitutional claims in the proposed amended complaint cannot survive a 12(b)(6) motion. Bette & Cring Opp'n at 3. Likewise, the Village Defendants assert that Plaintiffs' claims cannot endure the "stringent pleading standards" under Ashcroft v. Iqbal, 556 U.S. 662 (2009), because the allegations are too conjectural. Village Opp'n at 3. Finally, the Burke Defendants contend that Plaintiffs' allegations fail to plausibly plead claims under the Constitution, the ADA, and state law. See generally Burke Defendants Opp'n.

4

"Leave to amend may properly be denied if the amendment would be futile. A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." F5 Cap. v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (internal citations omitted). At the same time, courts in this District have declined to decide the merits of proposed amended complaints that are filed as cross motions. See, e.g., Carpenter v. Mohawk Valley Cmty. Coll., No. 18-CV-1268, 2019 WL 3338845 (N.D.N.Y. July 25, 2019). Under this District's Local Rules, "[t]he cross-moving party may not reply in further support of its cross-motion without the Court's prior permission." L.R. 7.1(c). Accordingly, in Carpenter, a court in this District opted not to decide the merits of an amended complaint because under the Local Rules the plaintiff lacked the opportunity to respond to the defendant's opposition papers. 2019 WL 3338845, at *1. The court noted: "The issue here is one of procedure. With one exception below, defendants' futility arguments were naturally raised for the first time in their opposition to [plaintiff's] cross motion to amend." Id. Consequently, the court reasoned, "[the plaintiff] has not responded to those arguments; indeed, he was unable to do so (without prior permission of the court) under Local Rule 7.1(c). Without hearing from [the plaintiff], the court declines to decide the merits of defendants' futility arguments at this juncture." Id. As a result, that court granted the plaintiff's motion to amend without addressing the merits. Id.

As discussed above, this Court recently permitted a plaintiff to file an amended complaint in a similar case. In doing so, the Court followed the reasoning of Carpenter. See Phoenix, 2023 WL 1861530, at *3. As this Court stated:

> Thus, as a matter of fairness, the Carpenter court, like other courts—[in this District]—have declined to address arguments raised for the first time that a plaintiff could not respond to. See Pierre v. AngioDynamics, Inc., No. 12-CV-834, 2013 WL 1292141, at *7 n.6 (N.D.N.Y. Mar. 26, 2013) (opting not to address an argument raised by the defendant for the first time after the plaintiff cross-moved to

5

>amend his complaint because the plaintiff lacked an opportunity to respond).

Id. Here, the circumstances are similar to those in Carpenter and Phoenix. Like those cases, Plaintiffs filed a motion to amend their Complaint with several pages of new factual allegations, and Defendants opposed the motion. Likewise, Local Rule 7.1(c) in this District still does not entitle Plaintiffs to file a response to Defendants because Plaintiffs filed a cross-motion. See L.R. 7.1(c). The Court could permit Plaintiffs to file a reply but, because "granting the cross-motion to amend . . . is more expedient," Carpenter, 2019 WL 3338845, at *1, the Court will follow the reasoning of Carpenter and Phoenix, and grant Plaintiffs' Motion. Cf. Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").[2]

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Cross-Motion to file an amended complaint (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs must file their proposed Amended Complaint in accordance with Local Rule 15.1(c); and it is further

**ORDERED**, that Plaintiffs' Cross-Motion to Strike (Dkt. No. 43) is **DENIED as moot**; and it is further

---

[2] The Court notes that the Village Defendants state in a conclusory fashion that the proposed amended complaint is brought in bad faith. Village Opp'n at 2. However, the Village Defendants do not provide an explanation for this assertion. See id. Accordingly, this argument lacks merit without further explanation. Cf. Phoenix, 2023 WL 1861530, at *3 ("Defendants fail to point to a dilatory motive [regarding bad faith allegations] . . . .").

**ORDERED**, that Defendants' Motions to Dismiss (Dkt. No. 25); (Dkt. No. 27); (Dkt. No. 34); and (Dkt. No. 36) are **DENIED as moot**; and it is further

**ORDERED**, that Defendants' Motion for judgment on the pleadings (Dkt. No. 38) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 10, 2023
          Albany, New York

LAWRENCE E. KAHN
United States District Judge